IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUL 30 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. EARL SAMUEL WALTERS, Defendant/Movant. | Cause No. CR 15-91-BLG-SPW ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Earl Samuel Walters' motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Walters is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Walters pled guilty to one count of conspiracy to possess a controlled substance with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841(a)(1). A charge of being a felon in possession of a weapon was dismissed pursuant to a plea agreement. Walters was sentenced to serve 45 months and 15 days in prison, concurrent with a North Dakota sentence, and followed by a three-year term of supervised release. *See* Am. Judgment (Doc. 49) at 1-3.

## III. Claims and Analysis

### A. Two-Point Enhancement

Walters asserts he should not have received a two-level enhancement in his sentencing guideline calculation for possession of a firearm. The enhancement applies "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1) (Nov. 1, 2015). It "reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the [drug] offense." U.S.S.G. § 2D1.1 cmt. n.11(A).

2

A search of Walters' vehicle located small amounts of marijuana and methamphetamine, $110,000 in cash, and a .22-caliber rifle and two pistols, one .40-caliber and one .45-caliber, as well as several rounds of ammunition suitable for weapons of these calibers. *See* Presentence Report ¶¶ 11, 24. Although Walters insisted he only accepted firearms as collateral for money debts, *see* Change of Plea Tr. (Doc. 59) at 27:16-24, there is no reason to suppose these debts were not drug debts, *see* Presentence Report ¶¶ 95, 99-103. It was not "clearly improbable" that the firearms in his vehicle were connected to his drug trafficking.

Walters is correct that the United States dismissed a felon in possession charge pursuant to the plea agreement. *See* Plea Agreement (Doc. 37) at 2 ¶ 2; 18 U.S.C. § 922(g)(1); Presentence Report ¶¶ 41, 43-48, 51, 53 (listing nine felony convictions). But its dismissal is not relevant to the enhancement under U.S.S.G. § 2D1.1(b)(1). The enhancement has long applied even to people who are never charged with felon in possession or any other crime connecting drug trafficking with firearms. *See, e.g., United States v. Restrepo*, 884 F.2d 1294, 1295-96 (9th Cir. 1989).

*Nelson v. Colorado*, __ U.S. __, 137 S. Ct. 1249, 1252 (2017), *cited in* Supp. (Doc. 60) at 1-2, has no bearing on § 2D1.1(b)(1) of the guidelines. The enhancement does not depend on a conviction or even a charge, and dismissal of a charge is not an acquittal or a decision that a conviction is or would be invalid.

## B. Speedy Trial

Although it is not clear Walters meant to make a claim for relief on speedy trial grounds, his papers suggest he believes his right to a speedy trial was violated. *See, e.g.*, Mot. § 2255 (Doc. 56) at 4 ¶ 5A, 9, 10; *see also* Letter (Doc. 19).

It was not. Counsel's motion to continue provided sound reasons for a delay: "Additional time is needed to investigate the circumstances of the alleged offense." Mot. to Continue (Doc. 17) at 2 ¶ 1. Walters claims this was "not [counsel's] decision." Mot. § 2255 (Doc. 56) at 13 (handwritten notation). It was not only counsel's decision but his professional responsibility to seek a continuance if he does not believe he will be prepared for trial on the scheduled date. Such delays are fairly attributed to the defense. *See Vermont v. Brillon*, 556 U.S. 81, 94 (2009).

Further, Walters waived his right to appeal any speedy trial violation. *See* Change of Plea Tr. (Doc. 59) at 22:16-23:11. He cannot expect to resuscitate it now, when any prejudice is not remediable.

To the extent Walters makes a speedy trial claim, it is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner

4

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Walters' claims do not meet the standard. At most, he disagrees with the law, or at least he misunderstands it. There is no reason to suppose he was deprived of a constitutional right.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Walters' motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 56, 60) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Walters files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-159-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Walters.

DATED this 30th day of July, 2018.

Susan P. Watters
United States District Court